Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | *signature* |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4155 | **DATE** | 6-21-12 |
| **CASE TITLE** | Darryl Conway (#M-01100) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $11.00 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Menard Correctional Center. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for miscellaneous relief [#4] is denied as moot.

■ [For further details see text below.]      Docketing to mail notices.

### STATEMENT

Plaintiff, Darryl Conway, presently in custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the State of Illinois, WGN News, Channel 7 News, and Tribune Media. Plaintiff alleges that he was arrested for murder on December 15, 2004, and that because of libelous media coverage he was wrongfully prosecuted and convicted. Plaintiff further alleges that because of the prejudicial coverage of the crime and his prosecution, he has lost out on business opportunities in the music industry, and has been targeted by inmates and correctional officers. (See Plaintiff's complaint).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.00. The inmate trust fund officer at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

**(CONTINUED)**

     AWL

Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A for a variety of reasons. Initially, as Plaintiff was instructed in the court's order dismissing one of his prior suits, the State of Illinois is not a proper Defendant. *See Conway v. Cowell*, Case No. 12-311-GPM, 2012 U.S. Dist. LEXIS 55492, (S.D. Ill. April 20, 2012) (Murphy, J.) Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not consented to be sued. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), Plaintiff does not properly seek such relief in this case, and regardless, such suits may not be brought against the States directly. *Id.* As such, the State of Illinois is not a proper Defendant.

Additionally, Plaintiff's only claim against the State of Illinois would appear to be a malicious prosecution claim. However, malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). The Court in *Newsome* held that malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir.2002); *Griffin v. Chicago*, 406 F.Supp.2d 938, 947 (N.D.Ill.2005). To the extent that Plaintiff is attempting a collateral attack on his conviction, under federal case law, a § 1983 plaintiff may not proceed with a claim, if a favorable ruling "would necessarily imply the invalidity of his conviction or sentence" unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

With respect to Defendants WGN News, Channel 7 News, and Tribune Media, none is a state actor for purposes of suit under § 1983, there is no discernable federal question being asserted against them, and there is no apparent basis for diversity jurisdiction. To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a Defendant may be found to act under color of state law. First, when the state has cloaked the Defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the Defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567.

In the instant case, Plaintiff does not allege that Defendants WGN News, Channel 7 News, and Tribune Media were cloaked with some degree of state authority or that there was some type of conspiracy between state officials and Defendants involving the his arrest and conviction. Nor can such a conclusion be drawn from Plaintiff's allegations. Consequently, Plaintiff has failed to state a cause of action under § 1983 against these Defendants, and his claims are dismissed.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute. According to federal statute, federal district courts have jurisdiction over civil actions arising under the Constitution, or federal statute or treaty. *See* 28 U.S.C. § 1331. None are implicated here. Plaintiff's claim appears to be a state law defamation claim. Additionally, there does not appear to be diversity of citizenship between the parties as Plaintiff is incarcerated in Illinois and these Defendants are all Chicago media outlets. *See* 28 U.S.C. § 1332. As the Court lacks subject matter jurisdiction over Plaintiff's claims, this matter is dismissed, and the case is terminated. While Plaintiff may not pursue his claims in federal court, he may, should he choose (and there is no other matter barring them) bring his defamation and malicious prosecution claims in state court against the appropriate parties.
**(CONTINUED)**

## STATEMENT

For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

Plaintiff's motion for photocopies of his complaint and other filings is denied as moot.